IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACOB CLINK**, | Case No. 3:13-cv-01323-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **OREGON HEALTH AND SCIENCE UNIVERSITY**, | |
| Defendant. | |

Jacob Clink, 326 N.E. 156th, Portland, OR 97230. *Pro se*.

Karen M. O'Kasey and Mark C. Sherman, Hart Wagner, LLP, 1000 S.W. Broadway, Suite 2000, Portland, OR 97205. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Jacob Clink ("Mr. Clink") filed this action in Oregon state court against his former employer, Defendant Oregon Health and Science University ("OHSU"). The case has since been removed to this Court. Mr. Clink asserts four claims for relief: (1) disability discrimination based on the Americans with Disabilities Act ("ADA"); (2) disability discrimination based on the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"); (3) retaliation and discrimination under the Family and Medical Leave Act; and (4) common law wrongful discharge based on allegations that OHSU discharged Mr. Clink because he took or was denied leave, or asserted his leave rights. Pl.'s First Am. Compl., Dkt. 1-2. On November 12, 2013, OHSU filed a Motion for Partial Summary Judgment under

PAGE 1 – OPINION AND ORDER

Federal Rule of Civil Procedure 56 against Mr. Clink's ADA and Rehabilitation Act claims, asserting that those claims are barred under the applicable statutes of limitations. For the reasons discussed below, the Court grants OHSU's Motion for Partial Summary Judgment.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . . " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

OHSU terminated its employment of Mr. Clink on November 14, 2011. On March 21, 2012, Mr. Clink filed a civil rights complaint with the Oregon Bureau of Labor and Industries ("BOLI") alleging that OHSU violated Oregon Revised Statute Sections 659A.112 (disability discrimination) and 659A.150 *et seq.* (Oregon Family Leave Act). BOLI filed Mr. Clink's complaint with the federal Equal Employment Opportunity Commission ("EEOC") on April 4, 2012.

PAGE 2 – OPINION AND ORDER

On December 26, 2012, BOLI issued a Notice of Right to File Civil Suit letter to Mr. Clink. The notice letter stated that Mr. Clink had the right to file a suit based on the allegations in his complaint and that "[p]ursuant to ORS 659A.880 this action must be commenced within 90 calendar days from the above mailing date." The letter further provided: "After 90 calendar days from the above mailing date, the right to file in state circuit court is lost." Thus, Mr. Clink had to file his suit in Oregon state court by March 26, 2013. He filed his original complaint ("Original Complaint") in Multnomah County Circuit Court two days late on March 28, 2013. In his Original Complaint, Mr. Clink alleged only Oregon state law claims pursuant to Oregon Revised Statute Sections 659A.112 and 659A.150 *et seq.*

Mr. Clink also received a right-to-sue letter from the EEOC on January 24, 2013. The letter informed Mr. Clink that he had 90 days from the receipt of the letter, *i.e.* until April 24, 2013, to file his lawsuit under federal law in federal or state court or he would lose his right to sue under federal law. On July 26, 2013, Mr. Clink filed his First Amended Complaint ("Amended Complaint") alleging for the first time federal ADA and Rehabilitation Act claims. OHSU removed the case to federal court on August 1, 2013.

On November 8, 2013, the Court granted Mr. Clink's counsel's Motion to Withdraw. Mr. Clink was represented by counsel when he filed both his Original Complaint and Amended Complaint. *See* Dkts. 1-1, 1-2, 8. On November 12, 2013, OHSU filed its Motion for Partial Summary Judgment. Mr. Clink did not respond to OHSU's motion by December 6, 2013, as required by the Federal Rules of Civil Procedure and local rules. The Court extended the deadline for Mr. Clink's response to January 17, 2014. Mr. Clink still did not file a response.

## DISCUSSION

OHSU argues that Mr. Clink's complaint should be dismissed on summary judgment because both his ADA and Rehabilitation Act claims are barred under the applicable statutes of

PAGE 3 – OPINION AND ORDER

limitations. The Court finds that Mr. Clink filed both his federal ADA and Rehabilitation Act claims after the respective statutes of limitations expired; therefore, no genuine issue of material fact exists as to the timeliness of either claim. Each issue is addressed in turn.

### A. ADA Statute of Limitations

A Title VII plaintiff must file a charge with the EEOC within 180 days or with a state or local agency within 300 days after the allegedly discriminatory act before seeking federal adjudication of his claim. 42 U.S.C. § 2000e-5(b), (f)(1), (e)(1); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081-82 (9th Cir. 2006); *see also E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). A plaintiff generally has 90 days to file suit in federal court after receiving an EEOC or state agency right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). This 90-day filing period acts as a statute of limitations on an ADA claim. *Stiefel*, 624 F.3d at 1245 (quoting *Valenzuela v. Kraft*, 801 F.2d 1170, 1174 (9th Cir. 1986)). Similarly, a plaintiff has 90 days from the date that his Oregon BOLI right-to-sue letter is mailed to file claims under Oregon law in state court. Or. Rev. Stat. § 659A.875(2).

OHSU argues that Mr. Clink's ADA claim is barred by the 90-day statute of limitations because: (1) he missed the 90-day filing requirement for his federal ADA claim that ran from the date he received his EEOC right-to-sue letter; (2) he cannot relate back his ADA claim to his untimely Original Complaint; and (3) the 90-day statute of limitations for both his state and federal ADA claims expired before or on March 26, 2013.

### 1. Mr. Clink's ADA Claim is Untimely

OHSU argues that Mr. Clink alleged a federal ADA claim after the 90-day statute of limitations expired. A plaintiff is the master of his case and must "'decide what law he will rely upon.'" *Redwood Theaters, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990)

PAGE 4 – OPINION AND ORDER

(quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). If a plaintiff "can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim" if he chooses. *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Mr. Clink did not allege a federal ADA claim, or any other claim under federal law, in his March 28, 2013, Original Complaint. He had until April 24, 2013, 90 days from receiving his EEOC right-to-sue letter on January 24, 2013, to file his federal ADA claim in state or federal court. *See Stiefel*, 624 F.3d at 1245. Mr. Clink waited until July 26, 2013 to file his Amended Complaint that added his federal ADA claim, and as a result missed the April 24, 2013 deadline. Thus, Mr. Clink's federal ADA claim is barred by the 90-day statute of limitations.

### 2. Mr. Clink's Amended Complaint Does Not "Relate Back" to His Untimely Original Complaint

OHSU also argues that Mr. Clink cannot relate back his federal ADA claim to his untimely Original Complaint to avoid the 90-day statute of limitations. Federal Rule of Civil Procedure 15(c) allows a plaintiff to relate back his amended pleading "to the date of a timely filed original pleading," rendering the amended pleading "timely even though it was filed outside an applicable statute of limitations period." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 538 (2010). To the Court's knowledge, the Ninth Circuit has not expressly addressed whether a plaintiff may relate back an amended pleading to an untimely Original pleading. The Court finds persuasive the Seventh Circuit's holding that Federal Rule of Civil Procedure 15(c) does not permit an amended complaint to relate back to an earlier, untimely complaint. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). In *Henderson*, the Seventh Circuit reasoned that an untimely Original complaint is "a nullity" that cannot "act as a life-line for a later complaint, filed after the . . . statute of limitations for the claims which it contained." *Id.* at 932. Thus, the plaintiff could not prevent a federal claim, which he raised for the first time in his amended

PAGE 5 – OPINION AND ORDER

complaint, from being barred under the applicable statute of limitations where his untimely original complaint alleged only state law claims. *Id.* at 931-32.

Mr. Clink filed his Original Complaint two days after the 90-day Oregon statute of limitations, and he missed the 90-day ADA statute of limitations by waiting until July 26, 2013, to file his Amended Complaint. Following the logic of *Krupski v. Costa Crociere* and the Seventh Circuit's holding in *Bolanda*, the Court finds that Mr. Clink cannot rely on Federal Rule of Civil Procedure 15(c) to resurrect his untimely Original Complaint for the purpose of avoiding the statute of limitations on his new ADA claim.

### 3. Commencement Date of the 90-Day Statute of Limitations

OHSU's final argument is that the 90-day statute of limitations ran from October 9, 2012, the day Mr. Clink became eligible for an EEOC right-to-sue letter. A plaintiff becomes entitled to an EEOC right-to-sue letter 180 days after filing his charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see Stiefel*, 624 F.3d at 1245. A plaintiff generally has 90 days to file suit after receiving an EEOC right-to-sue letter or becoming eligible for one. *Id.*

OHSU misconstrues *Stiefel* as supporting its argument that the 90-day statute of limitations runs from the date a plaintiff becomes eligible for an EEOC right-to-sue letter, regardless of the date the plaintiff actually receives an EEOC right-to-sue letter. In *Stiefel*, the Ninth Circuit found that a plaintiff *may* file suit within 90 days of becoming eligible for an EEOC right-to-sue letter if the plaintiff has not received an EEOC right-to-sue-letter. 624 F.3d at 1245. The Ninth Circuit, however, did not hold that a plaintiff *must* file a suit within 90 days of becoming eligible for an EEOC right-to-sue-letter. *See id.* Ultimately, the Court does not reach the question of whether the 90-day statute of limitations ran from the date Mr. Clink became eligible for an EEOC letter because his ADA claim is barred even if the statute of limitations commenced from the latest possible date of January 24, 2013.

PAGE 6 – OPINION AND ORDER

**B. Rehabilitation Act Statute of Limitations**

OHSU argues that Mr. Clink's claim under the Rehabilitation Act is barred by a one-year statute of limitations. Presumably, Mr. Clink alleges that OHSU violated Section 504 of the Rehabilitation Act,[1] which prohibits discrimination on the basis of disability in any program receiving federal assistance. 29 U.S.C. § 794(a). The Rehabilitation Act does not include a specific statute of limitations. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (applying principle to the ADA); *Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987) (applying principle to Section 504). Thus, the "statute of limitations for [a] Rehabilitation Act Section 504 claim is provided by the analogous state law." *Douglas v. Cal. Dept. of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001).

OHSU argues that Section 504 is most analogous to Oregon Revised Statute Section 659A.142 ("Oregon Rehabilitation Act"), which imposes a one-year statute of limitations. *See* Or. Rev. Stat. § 659A.875(1). OHSU made this same argument in a previous case. *Repp v. Or. Health Scis. Univ.*, 972 F. Supp. 546, 548 (D. Or. 1997). There, the court did not have to decide whether Oregon's two-year personal injury statute of limitations, Oregon Revised Statute Section 12.110(1), or one-year statute of limitations under the Oregon Rehabilitation Act governed the federal Rehabilitation Act claim because the plaintiff filed late under either limitations period. *Id.* In contrast, Mr. Clink's Rehabilitation Act claim is untimely only if the Court applies the one-year statute of limitations under Oregon's Rehabilitation Act.

---

[1] Mr. Clink does not specify which section of the federal Rehabilitation Act OHSU allegedly violated. Pl.'s First Am. Compl., Dkt. 1-2.

PAGE 7 – OPINION AND ORDER

Although courts in this district have applied the two-year limitation period from Oregon's personal injury statutes to federal Rehabilitation Act claims, in none of those cases did a court confront the issue of whether the Oregon Rehabilitation Act limitation period should apply instead. *See Thunderbird v. Or. State Dep't of Corr.*, No. CV 08-1404-PK, 2011 WL 2971798, at *3 (D. Or. June 28, 2011) (applying Oregon's two-year personal injury statute of limitations to a federal Rehabilitation Act claim without discussing the Oregon Rehabilitation Act), *report and recommendation adopted*, Civil No. 08-1404-PL, 2011 WL 2970893 (D. Or. July 20, 2011); *Olson v. Or. Univ. Sys. ex rel. Pernsteiner*, No. CV 09-167-MO, 2009 WL 1270293, at *3 (D. Or. May 6, 2009) (parties agreed that Oregon's two-year personal injury statute of limitations applied to a Section 504 claim); *Plasencia v. Carnevale*, No. 06-1426-AC, 2008 WL 2354423, at *2 (D. Or. June 6, 2008) (applying Oregon's two-year personal injury statute of limitations to a federal Rehabilitation Act claim without discussing the Oregon Rehabilitation Act).

The ultimate question this Court must address is which state statute is most analogous to the federal Rehabilitation Act. *See Wilson*, 471 U.S. at 266-67. Outside of this district, cases in which courts apply a personal injury statute of limitations either involved states that lack a disability discrimination statute with a limitations period, found that the state disability discrimination statute did not resemble the federal Rehabilitation Act, or did not analyze statutes other than the state's personal injury statute.[2]

---

[2] *See, e.g.*, *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135-36 (9th Cir. 2001) (plaintiff conceded that California's personal injury statute of limitations applied to a claim under Section 504 of the federal Rehabilitation Act); *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998) (applying Georgia's personal injury statute of limitations because Georgia had not passed a state law identical to the Rehabilitation Act from which to borrow a limitation period); *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir.1993) (affirming the application of Illinois's personal injury statute of limitations without discussion of other state statutes); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982, n.3 (5th Cir. 1992) (applying Texas's personal injury statute of limitations because the state's

PAGE 8 – OPINION AND ORDER

In contrast, in cases in which a state's anti-discrimination statute included a limitations period and closely resembled the federal Rehabilitation Act, the Fourth Circuit applied the anti-discrimination limitations period instead of the state's personal injury limitations period. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 130-31 (4th Cir. 1994) (applying Virginia's anti-discrimination statute of limitations to a federal Rehabilitation Act claim); *Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 224 (4th Cir. 1993) (applying North Carolina's anti-discrimination statute of limitations to a federal Rehabilitation Act claim). In *McCollough*, the Fourth Circuit applied the limitations period under North Carolina's anti-discrimination statute because it specifically addressed the same issue of employment discrimination on the basis of disability as the federal Rehabilitation Act. 35 F.3d at 130. Although the text in the North Carolina statute did not correspond precisely to the Rehabilitation Act, the court found that the similar protections and claims under both acts indicated the state legislature's intent for the North Carolina statute to serve "as a state counterpart to the Rehabilitation Act." *Id.*

The Court finds the reasoning in *McCollough* persuasive. The Oregon Supreme Court interprets the Oregon Rehabilitation Act as conforming to the federal Rehabilitation Act. *Braun v. Am. Intern. Health & Rehab. Servs., Inc.*, 315 Or. 460, 466 (1993). Both the Oregon Rehabilitation Act and the federal Rehabilitation Act prohibit employers from discriminating against individuals on the basis of disability. *See* Or. Rev. Stat. §§ 659A.112, 659A.142(2)-(3); 29 U.S.C. § 794(a). The Oregon Rehabilitation Act applies more broadly to virtually all Oregon

---

statute prohibiting discrimination against persons with disabilities did not contain a statute of limitations); *Hall v. Knott Cnty. Bd. of Educ.*, 941 F.2d 402, 407-08 (6th Cir. 1991) (suggesting that Kentucky's personal injury statute of limitations applied without discussing other state statutes); *Morse v. Univ. of Vt.*, 776 F. Supp. 844, 850 (D. Vt. 1991) (applying Vermont's personal injury statute of limitations because the Vermont Handicapped Anti-discrimination statute did not contain a statute of limitations), *aff'd in relevant part*, 973 F.2d 122, 127 (2d Cir. 1992).

PAGE 9 – OPINION AND ORDER

employers, not only those receiving federal funding, and is phrased slightly differently than the federal Rehabilitation Act. *See id.* Despite these differences, the Oregon Rehabilitation Act's specific purpose of preventing discrimination based on disability makes it more analogous to the federal Rehabilitation Act than Oregon's general personal injury statutes.

The Court finds that the one-year statute of limitations under Oregon Revised Statute Section 659A.875(1) applies to Mr. Clink's Rehabilitation Act claim. Mr. Clink had until November 14, 2012, one year from the date OHSU terminated his employment, to file his federal Rehabilitation Act claim. He filed his Rehabilitation Act claim in his Amended Complaint on July 26, 2013, more than eight months late. Moreover, Mr. Clink's Rehabilitation Act claim is untimely regardless of whether Mr. Clink can relate back his Rehabilitation Act claim to his untimely Original Complaint. *See* Fed. R. Civ. P. 15(c). Mr. Clink filed his Original Complaint on March 28, 2013, more than four months after the November 14, 2012 deadline. As a result, Mr. Clink's claim under the federal Rehabilitation Act is barred.

## CONCLUSION

OHSU's Motion for Partial Summary Judgment (Dkt. 10) is **GRANTED** and Mr. Clink's claims under the federal ADA and Rehabilitation Act are dismissed.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge